IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jeffrey West,<br><br>      Plaintiff,<br><br>v.<br><br>Randy Williamson, Ronald Patton, John Walsh, Robert St. Onge., Jr., and Heather Robbins, in their individual capacities.<br><br>      Defendants. | **COMPLAINT**<br>**(Jury Trial Demanded)**<br><br>Civil Case No.:  3:14-cv-192-JFA |

      Plaintiff, complaining of the defendants above named would respectfully show the Court:

      1.    That the plaintiff is a citizen and resident of Richland County, South Carolina, and currently serves as a Biologist for the South Carolina Department of Transportation (hereinafter "SCDOT") where he has worked for over twenty-five years.

      2.    The individual defendants Randy Williamson, Ronald Patton, John Walsh, Robert St. Onge, Jr., and Heather Robbins (hereinafter "Williamson," "Patton," "Walsh," "St. Onge," and "Robbins") are, upon information and belief, residents of Richland County, South Carolina, and/or Lexington County, South Carolina, and at all times mentioned herein were supervisors of the plaintiff: Walsh serving as Chief Engineer for Planning; Patton as Director of Planning; Williamson as Environmental Manager; St. Onge as Secretary of Transportation; and Robbins as NEPA Coordinator with SCDOT.

      3.    From 2001 through the present date, the plaintiff and others observed numerous practices perpetrated by SCDOT that were fostered and promoted by the defendants and others, which in their views violated the laws of the State of South Carolina and the policies of SCDOT;

constituted fraud, waste, and mismanagement, costing the taxpayers of South Carolina millions of dollars; and made roadways and bridges unsafe. Plaintiff and others observed hiring decisions, promotions, and other personnel options made by the defendants and others within SCDOT that were not based upon knowledge and experience but sometimes based upon outside factors including close-knit relationships with the defendants and their superiors at SCDOT.

4. Plaintiff was outspoken about the violations and misconduct he observed and provided the specific information to support these charges with the defendants, who took no action of any kind. Plaintiff later reported the misconduct and continued to report it to others in positions of responsibility above the level of the defendants and to outside parties, recognizing the serious nature of the concerns which affected all of the citizens of the State of South Carolina in their use of the highways and bridges throughout the State and also adversely affected the taxpayers of South Carolina, who saw millions of dollars in infrastructure funds used improperly and mismanaged while highway travel infrastructure continued to deteriorate, crumble, and remain in serious need of repairs.

5. As a result of his reporting, the plaintiff was denied opportunities for advancement within SCDOT, was shunned, ignored, berated and isolated to such a degree that he filed suit against the defendants Williamson, Patton, and Walsh in September, 2011. This lawsuit is captioned *Jeffrey West v. Randy Williamson, Ronald Patton and John Walsh,* Case No. 3:12-cv-01910-JFA.

6. Since the initiation of that lawsuit through the present, the aforementioned disparate treatment of the plaintiff by the defendants has continuously worsened. Plaintiff has been informed and believes that the defendants have instructed his co-workers not to speak or deal with him beyond what is minimally required for functionality. Plaintiff has been assigned a

minimal amount of work, far less than he has previously handled, to further discourage, frustrate, and isolate plaintiff.

7.      In July 2008, the plaintiff completed an extensive three-year training program that resulted in his being certified by the U.S. Fish and Wildlife Service as a surveyor of Carolina Heelsplitters, an endangered mussel species that exists in South Carolina.  SCDOT must survey for the Carolina Heelsplitter when operating near its habitat or risk being in breach of the Endangered Species Act and the National Environmental Policy Act.  Plaintiff is the only employee of SCDOT, and the only person in the state, that is certified to conduct Carolina Heelsplitter surveys. Without him, SCDOT would have to outsource this work at a substantial cost.

8.      In 2013, it became apparent to Plaintiff that the defendants were engaging in a course of action to ultimately terminate him in retaliation for the lawsuit he filed.  In May 2013, Plaintiff became aware that the defendants had arranged for more SCDOT employees to receive Carolina Heelsplitter training, but when plaintiff expressed his interest in leading the training program, defendant Robbins told plaintiff that it would be outsourced, despite the fact that Plaintiff was capable and had ample time to handle the training due to his being assigned an insufficient work load.  Plaintiff was later told secondhand that defendant Williamson announced in a staff meeting while Plaintiff was on vacation that two co-workers were being trained in preparation for Plaintiff's inevitable retirement.

9.      In June 2013, defendants Williamson, Patton and St. Onge approved a proposal to have the Catena Group, Inc. train two of its employees to survey for Carolina Heelsplitters at a cost of $95,500.00, despite the fact that the plaintiff was willing, capable and available to conduct the training at no extra cost to South Carolina taxpayers.  The defendants arranged for

3

the training program to be reduced to approximately one year, whereas the plaintiff's training took three years, in order to terminate plaintiff's employment as soon as possible. That the proposal was adopted in order to terminate the plaintiff, rather than for the benefit of SCDOT or the South Carolina taxpayers, is evidenced by the fact that the state auditor assigned to SCDOT was instructed not to conduct an audit on the proposal. Defendants continued to assign plaintiff a significantly reduced work load in order to justify his termination when the other SCDOT employees complete their training.

### FOR A FIRST CAUSE OF ACTION
### AGAINST THE DEFENDANTS
### (Violation of Civil Rights, 42 U.S.C. § 1983)

10.     Plaintiff realleges paragraphs 1-9 as if set forth verbatim.

11.     Such retaliatory actions of the defendants represent an infringement of Plaintiff's rights for which the defendants are liable. That such amounts to a deprivation of Plaintiff's rights, privileges and immunities and includes, but is not limited to, the following: denial of a grievance process to Plaintiff and the denial of Plaintiff's right as a citizen to bring a complaint against his employer for infringing on his first amendment right to free speech. These actions of the defendants acting in their individual capacities, under color of state law, violate 42 U.S.C. § 1983 and the defendants are liable to the Plaintiff for all damages caused thereby.

### FOR A SECOND CAUSE OF ACTION AND
### PENDANT STATE CLAIM
### AGAINST THE DEFENDANTS
### (Civil Conspiracy)

12.     Plaintiff realleges paragraphs 1-11 as if set forth verbatim.

13.     The defendants named herein and others have met, conspired and schemed to

4

cause the Plaintiff harm.

14. Those defendants acted outside of the scope of their employment and in abuse of their positions to harass the Plaintiff on a day-to-day basis resulting in him being isolated and shunned at SCDOT and underused as an employee so as to justify his eventual termination.

15. That such treatment of the Plaintiff by the defendants was motivated by an intent to harm Plaintiff for their own personal agendas, personal benefit, and to protect themselves and others from due criticism.

16. Such actions of the defendants have isolated and damaged the Plaintiff in his field of service and employment, are outside the course and scope of the defendants' employment with SCDOT, and have inflicted special damages upon the plaintiff.

17. The foregoing conduct amounts to an unlawful civil conspiracy to deprive the Plaintiff of his rights and to specially harm the Plaintiff for which the defendants, named herein, are liable.

18. Said civil conspiracy has directly and proximately caused the Plaintiff to be ostracized, isolated and essentially black-listed in his profession; it has caused the Plaintiff to suffer increased stress and anxiety, a loss of companionship with several co-workers, and forced him to incur the costs and reasonable attorney's fees of prosecuting this action. Further the Plaintiff is entitled to an award of punitive damages for the malicious, intentional and mean-spirited actions of the defendants acting herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment, as determined by a jury, against the defendants for all actual and other losses caused by the defendants' violations of Plaintiff's civil rights protected by 42 U.S.C. §§ 1983, as well as attorney fees.

FURTHERMORE, Plaintiff prays for a separate and appropriate award, as determined by a jury, of all actual and special damages arising out of the defendants' unlawful civil conspiracy and for an additional award of punitive damages; as well as the costs of prosecuting this action.

          Respectfully Submitted,

          **J. LEWIS CROMER & ASSOCIATES L.L.C.**

          BY:  s/J. Lewis Cromer
              J. Lewis Cromer (#362)
              1522 Lady Street
              Post Office Box 11675
              Columbia, South Carolina 29211
              Phone: 803-799-9530
              Fax: 803-799-9533

          *Attorneys for Plaintiff*

January 22, 2014
Columbia, SC